UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUSSELL DAVENPORT,

                Plaintiff,

        v.                              Civil Action No.: 1:24-cv-08821
                                           (RPK) (LB)

EPISCOPAL HEALTH SERVICES, INC., ST.
JOHN'S EPISCOPAL HOSPITAL SOUTH
SHORE, AND ASNEL VALCIN,

                Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

                                                   **BOND, SCHOENECK & KING, PLLC**
                                                   Rebecca K. Kimura, Esq.
                                                   Mary Ellen Donnelly, Esq.
                                                   Sabrina Salama, Esq.
                                                   *Attorneys for Defendants*
                                                   600 Third Avenue, 22nd Floor
                                                   New York, New York 10016
                                                    (646) 253-2300
                                                   rkimura@bsk.com
                                                   mdonnelly@bsk.com
                                                   ssalama@bsk.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 1

POINT I .................................................................................................................................. 1

PLAINTIFF FAILS TO STATE A CLAIMS FOR GENDER DISCRMINATION ....................... 1

POINT II ................................................................................................................................. 5

    PLAINTIFF FAILS TO STATE A CLAIMS OF RELIGIOUS DISCRIMINATION .......... 5

POINT III ............................................................................................................................... 6

    PLAINTIFF FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT ..... 6

POINT IV ............................................................................................................................... 7

    PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER THE NYSHRL AND THE NYCHRL ........................................................................................................ 7

POINT V ................................................................................................................................. 9

    PLAINTIFF'S RETALIATION CLAIM UNDER THE NPCL MUST BE DISMISSED .... 9

POINT VI ............................................................................................................................. 10

    PLAINTIFF'S CLAIMS UNDER THE FLSA AND NYLL MUST BE DISMISSED ....... 10

CONCLUSION ................................................................................................................... 10

CERTIFICATION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aiola v. Malverne Union Free Sch. Dist.*, 115 F. Supp. 3d 321 (E.D.N.Y. 2015) .......................... 7

*Askin v Dept. of Educ. of the City of N.Y.*, 110 A.D.3d 621 (1st Dept. 2013) ................................ 2

*Azeez v. Ramaiah*, 2015 U.S. Dist. LEXIS 46574 (S.D.N.Y. Apr. 9, 2015) ................................ 10

*Bickerstaff v. Vassar Coll.*, 196 F.3d 435 (2d Cir. 1999) ................................ 2

*Castro v. New York University*, 773 N.Y.S.2d 29 (1st Dept. 2004) ................................ 3

*De Figueroa v. New York State*, 403 F. Supp. 3d 133 (E.D.N.Y. 2019) ................................ 9

*Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir 2016) ................................ 3

*Harris v. Niagara Mohawk Power Corp.*, 252 F.3d 592 (2d Cir. 2001) ................................ 2

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. Appx. 123 (2d Cir. 2019) ................................ 7

*Hollander v. Am. Cyanamid Co.*, 895 F.2d 80 (2d Cir. 1990) ................................ 9

*La Rocca v. Lane*, 37 N.Y.2d 575 (1975) ................................ 6

*Mitura v. Finco Servs., Inc.*, 712 F. Supp. 3d 442 (S.D.N.Y. 2024) ................................ 8

*Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275 (S.D.N.Y. 2006) ................................ 9

*Roe v. St. John's Univ.*, 91 F.4th 643 (2d Cir. 2024) ................................ 3, 5

*Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319 (E.D.N.Y. 2025) ................................ 8

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015) ................................ 5

*Walder v. White Plains Bd. of Educ.*, 738 F. Supp. 2d 483 (2d Cir. 2010) ................................ 9

*Yusuf v. Vassar Coll.*, 35 F.3d 709 (2d Cir. 1994) ................................ 4

**Other Authorities**

Fair Labor Standards Act ("FLSA") ................................................................................... 1

Federal Rule of Civil Procedure ("FRCP") ........................................................................ 1

FRCP 12(b)(6) ..................................................................................................................... 1

New York City Human Rights Law ("NYCHRL") ............................................................ 1

New York Labor Law ("NYLL") ........................................................................................ 1

New York State Human Rights Law ("NYSHRL") ........................................................... 1

Not-for-Profit Corporation Law ("NPCL") ........................................................................ 1

NPCL § 715-b ..................................................................................................................... 9

NYLL 191 ......................................................................................................................... 10

NYLL 195.1 ...................................................................................................................... 10

NYLL 195.3 ...................................................................................................................... 10

## PRELIMINARY STATEMENT

Defendants St. John's Episcopal Hospital (the "Hospital"), Episcopal Health Services Inc. ("EHS"), and Asnel Valcin ("Valcin") (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), to dismiss with prejudice the First Amended Class and Collective Action Complaint of Plaintiff Russell Davenport ("Plaintiff"), dated May 7, 2025 (the "FAC").

In his Opposition, Plaintiff merely recites the same conclusory statements contained in the FAC, and attempts to circumvent the pleading standards by arguing that these are questions of fact that cannot be decided at this stage of the litigation. Plaintiff is wrong, as he is required to allege sufficient factual matter to state a viable and plausible claim against Defendants to survive a motion to dismiss. Despite two attempts to do so, Plaintiff has failed to state claims for gender and religious discrimination, hostile work environment, and retaliation under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"); gender discrimination under Title IX ("Title IX"); retaliation under §715(b) of the Not-for-Profit Corporation Law ("NPCL"); and wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The claims must be dismissed with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A CLAIMS FOR GENDER DISCRMINATION

Plaintiff's First and Second Causes of Action for gender discrimination under the NYSHRL, NYCHRL and Title IX fail as a matter of law because Plaintiff fails to plead the necessary elements. With regard to Plaintiff's claims under the NYSHRL and the NYCHRL, Plaintiff has not plausibly pled that he was treated less well than other similarly situated employees,

1

or an inference of discrimination, because of his gender. In fact, Plaintiff cannot point to any adverse action or less well treatment *because of* his gender. Although Plaintiff alleges that his harassment complaint made against another Chaplain Resident was handled differently than a harassment complaint made by a female clerk against Plaintiff, this allegation does not support his claim for discrimination because it is contradicted by other statements in the FAC. (*See* FAC ¶¶ 116, 121, 153). Nor does Plaintiff plead plausible factual allegations suggesting that any different treatment was *because of* his gender. *See Askin v Dept. of Educ. of the City of N.Y.*, 110 A.D.3d 621, 622 (1st Dept. 2013) ("Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the State law or less well under the City HRL. Plaintiff's allegations in this respect amount to mere legal conclusions, and do not suffice to make out this element of her claim").

In his Opposition, Plaintiff does not deny that EHS conducted an investigation in response to both complaints, and that EHS imposed interim measures during the investigation of both complaints. As for the allegation that Valcin publicly asked Plaintiff to "explain your actions" in a meeting with other chaplains, there is no factual allegation suggesting that the alleged comment was made *because of* Plaintiff's gender. *See Harris v. Niagara Mohawk Power Corp.*, 252 F.3d 592, 599 (2d Cir. 2001) ("[T]he mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent."). Plaintiff only speculates that the complaints were treated differently because he disagrees with interim measure and the outcome of both complaints. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999) (finding that a plaintiff's "[feelings and perceptions] of being discriminated against [are] not evidence of discrimination") (citation omitted)).

Moreover, Plaintiff and the female clerk are not similarly situated. Plaintiff's complaint was made against another coworker in the Clinical Pastoral Education and Training program ("CPE Program"), whereas the complaint made by the female clerk was against someone with supervisory authority. (FAC ¶ 146). *See Castro v. New York University*, 773 N.Y.S.2d 29 (1st Dept. 2004) (holding that for purposes of employment discrimination claim, plaintiff was not "similarly situated" to another employee, who was not assigned the same duties or responsibilities as plaintiff). Regardless, Defendants complied with the sexual harassment policy with respect to both complaints, in that Plaintiff acknowledges that Defendants conducted an immediate review of the allegations, took interim actions as appropriate, notified the individuals involved, and took corrective actions as warranted. (FAC ¶¶101, 116, 121). Accordingly, Plaintiff has failed to establish he was treated "less well" than a similarly situated female employee.

With regard to Title IX, Plaintiff argues that allegations that an education program's investigative and adjudicative processes were motivated by sex bias are sufficient to state a cause of action under Title IX, citing to *Doe v. Columbia Univ.*, 831 F.3d 46, 56-57 (2d Cir 2016). (Pl's Opp. at pp. 8-9). However, in *Doe*, the court specifically found that the plaintiff plausibly alleged bias on account of sex, in that Columbia had been severely criticized for toleration of sexual assault of female students, and thus "was motivated in this instance to accept the female's accusation of sexual assault and reject the male's claim of consent, so as to show the student body and the public that the University is serious about protecting female students from sexual assault by male students—especially varsity athletes." *Id.* at 57-58. Here, there are no plausible allegations that the investigations here were motivated by gender bias aside from self-serving, conclusory statements. Instead, the court's discussion in *Roe v. St. John's Univ.*, 91 F.4th 643, 674 (2d Cir. 2024), is instructive here, as the plaintiff similarly claimed Title IX violations by alleging that his sex

partially motivated the school's decision to discipline him for sexual assault and to not investigate his allegations of a female student's anonymous tweet. However, in *Roe*, the court dismissed the plaintiff's claims, finding that he failed to sufficiently allege ""circumstances suggesting that gender bias was a motivating factor behind the erroneous finding[s]." *Id.* at 653 (*citing Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)). Specifically, the court stated that "allegations of erroneous outcome, absent any additional allegations of fact indicating bias on account of sex, does not state a claim under Title IX;" nor do allegations of a deficient Title IX investigation or deviation from a Title IX policy, in and of itself, suggest a sign of sex bias. *Id.* at 653-54. Similarly, here, Plaintiff's allegations that Defendants handled his complaint differently from the clerk's complaint, even if true, does not support an inference of bias motived by sex.

Plaintiff further contends that Defendants took adverse actions against him for purposes of Title IX, in the termination of his residency contract, denial of advancement opportunities, and the disparate handling of complaints. (Pl's Opp. at p. 8). However, as discussed in Defendants' moving papers, Plaintiff concedes that he had a residency contract. (FAC ¶ 164). The residency contract provided for a non-renewable fixed term of twelve months, from May 23, 2022 to May 22, 2023, and Plaintiff alleges that his employment ended on May 18, 2023, or the end of the term of the residency contract. (FAC ¶ 172). (*See* Affirmation of Asnel Valcin, Exhibit "A"). It is therefore implausible to contend that Plaintiff was not allowed to "complete the full course." To the extent Plaintiff is referencing his inability to obtain a "supervisory certification" (*Id.* ¶ 168), it is misleading as Plaintiff admits that he was not enrolled in the "Supervisor-in-Training" program, but rather, "was placed in the Chaplain Resident role." (*Id.* ¶ 60). Otherwise, Plaintiff does not allege that he actually *applied* for an additional unit of the Program and was denied.

Because Plaintiff cannot meet even the minimum pleading standards to allege a valid claim

of discrimination against Defendants, Plaintiff instead argues in his Opposition that he can survive a motion to dismiss by creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination, citing to *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). (Pl's Opp. at p. 7). However, *Vega* is not applicable here, as it involved a claim under Title VII and Section 1983. Plaintiff has not cited any authority applying this pleading standard to claims brought under the NYSHRL, the NYCHRL and Title IX. In fact, the court in *Roe* rejected applying it to Title IX claims as suggested by the dissent. *Roe*, 91 F.4th at 674. Even if the Court were to consider whether Plaintiff's allegations created a "mosaic" of intentional discrimination, his allegations clearly failed to do so. Because Plaintiff has not pled a plausible claim of gender discrimination under the NYSHRL, NYCHRL, or Title IX, his claims should be dismissed.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIMS OF RELIGIOUS DISCRIMINATION

Plaintiff's First Cause of Action for religious discrimination under the NYSHRL and NYCHRL also fails as a matter of law because Plaintiff fails to plausibly plead the necessary elements that he was treated less well because of his religion. In his Opposition, Plaintiff argues, erroneously, that he identified similarly situated "religious observers" where were treated more favorably with regard to restrictions on religious attire, citing to FAC ¶¶ 87-88. In fact, Plaintiff only identified two other Resident Chaplains who were permitted to wear a hijab and a kippah, neither of whom were alleged to wear their religious garb while on duty. *Id*. ¶ 87. As for the other two individuals – Father Morado and trainees from the Roman Catholic Church -- they are not similarly situated because they are not alleged to be in the Chaplain Resident program, and thus would have different rules with regard to official duties.

Plaintiff also fails to allege facts suggesting that he was treated less well *because of* his religion. As discussed in Defendants' moving papers, Valcin explained to Plaintiff that he should not wear his yoke while on duty because it would confuse the patients, presumably as they may fear that a pastor is visiting them to administer last rites. The Hospital is entitled to make such policies in providing the best care for its patients. While Plaintiff alleges that a female Muslim chaplain was permitted to wear a hijab, and a Jewish chaplain was permitted to wear a kippah, they would not create similar confusion for patients, as they are worn by non-clergy members as well. Clerics, such as Plaintiff, instead have a certain status in society that should be considered in sensitive situations such as in a hospital, as indicated in Valcin's explanation that wearing the yoke would cause confusion. *See La Rocca v. Lane*, 37 N.Y.2d 575, 583-84 (1975) (upholding order that an attorney, who was also a Roman Catholic priest, could not wear his clerical collar while proceeding with a trial due to concerns of confusing the jury and/or prejudicing the parties).

Based on the foregoing, Plaintiff failed to state a plausible claim for religious discrimination under the NYSHRL and NYCHRL such that his claims should be dismissed.

## POINT III

**PLAINTIFF FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT**

Plaintiff's First Cause of Action for hostile work environment based on gender and religion in violation of the NYSHRL and NYCHRL, also fails as a matter of law because none of the alleged harassing conduct rises above the pleading standard of a petty, slight or trivial inconvenience. In his Opposition, Plaintiff simply repeats the same conclusory allegations that he was repeatedly subjected to public humiliation from Valcin for wearing his yoke. (Pl's Opp. at p. 11). However, Plaintiff fails to allege what was specifically stated by Valcin that was humiliating, other than the statement "You can't wear that around here" because it would cause confusion.

(FAC ¶¶ 90, 93). As discussed in Defendants' moving papers, this statement concerns a work policy and does not meet the required threshold to state a claim of harassment under the NYSHRL or the NYCHRL. *See Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. Appx. 123, 128 (2d Cir. 2019) (These "run-of-the-mill workplace conflicts" that only reflect an employee's "fraught" relationship with his supervisor do not meet the threshold for harassment); *Aiola v. Malverne Union Free Sch. Dist.*, 115 F. Supp. 3d 321, 334 (E.D.N.Y. 2015) ("Mere utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to establish a hostile work environment claim.").

As for Plaintiff's argument that Defendants failed to meaningfully investigate his claim of harassment, his argument is contradicted by his own pleading, as discussion at Point I, above. As for Plaintiff's argument that Defendants retaliated against her for making complaints, he fails to state a valid claim of retaliation, as discussed in Point IV, below. As Plaintiff cannot plausibly plead a hostile work environment claim against Defendants, the claims should be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER THE NYSHRL AND THE NYCHRL

Plaintiff's First Cause of Action for retaliation under the NYSHRL and the NYCHRL must be dismissed, because Plaintiff failed to allege the necessary elements that he was subjected to a materially adverse employment action after engaging in protected activity or that Defendants engaged in conduct that was reasonably likely to deter a person from engaging in such action, or any causal connection.[1]

In his Opposition, Plaintiff fails to address any of these deficiencies, but only argues that

---

[1] Although Plaintiff discusses retaliation under Title IX in his Opposition, the FAC does not contain such a claim, thus it should be disregarded.

it is premature to decide whether the alleged retaliatory actions were materially adverse or even whether there is a causal connection with the protected activity. (Pl's Opp. at pp. 13-14). Plaintiff is wrong, as courts have dismissed retaliation claims at the pleading stage. *See, e.g.*, *Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 335 (E.D.N.Y. 2025) (granting motion to dismiss retaliation claims under the NYSHRL and NYCHRL where plaintiff "failed to adequately allege a causal connection between his protected activity and the employment actions he protests") (Kovner, J.); *Mitura v. Finco Servs., Inc.*, 712 F. Supp. 3d 442, 461 (S.D.N.Y. 2024) (granting motion to dismiss retaliation claims under the NYSHRL and NYCHRL for failure to allege facts showing a causal connection). In Defendants' moving papers, Defendants provided legal authority supporting their response that that the alleged retaliatory actions were not materially adverse or would not likely deter someone from engaging in protected activity, which Plaintiff failed to dispute. Indeed, Plaintiff continued making complaints on March 24, 2023 and April 28, 2023, *after* he alleges some of these retaliatory acts took place. (FAC ¶¶ 152, 161-162). Nor has Plaintiff pled facts plausibly suggesting a causal connection between the allegedly materially adverse actions and his complaints, other than conclusory statements or speculation. Although Plaintiff asserts that Valcin informed him of the decision to deny "renewal" of his Residency Agreement during their April 2023 meeting approximately, which was one month after the March 24, 2023 complaint, Plaintiff failed to allege any causal connection between his complaint and the nonrenewal of his contract. Instead, Plaintiff's employment ended when his term contract ended, and there is nothing in the contract suggesting the possibility of renewal in the program. Nor does Plaintiff identify anyone else who did not make a complaint and had their Residency Agreement renewed for another year. Plaintiff does not even allege that he actually *applied* for another semester or year in the program.

Instead, Plaintiff focuses solely on temporal proximity, alleging that he was suspended

within two months of his February 2023 protected complaints. Plaintiff's argument is misleading in that his original complaint was made in December 26, 2022, and the suspension did not occur until March 24, 2023, months later. Moreover, Plaintiff's suspension was based on a harassment complaint lodged against him by a third party, rather than from Defendants. Notwithstanding, "most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal interference." *De Figueroa v. New York State*, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019) (citing *Walder v. White Plains Bd. of Educ.*, 738 F. Supp. 2d 483, 503-04 (2d Cir. 2010)); *see also Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (passage of two and a half months too long to establish retaliation for an EEOC complaint). Plaintiff's retaliation claims under the NYSHRL and NYCHRL should be dismissed.

## POINT V

## PLAINTIFF'S RETALIATION CLAIM UNDER THE NPCL MUST BE DISMISSED

Plaintiff's Third Cause of Action for retaliation under NPCL § 715-b must be dismissed, because EHS's whistleblower substantially meets all the requirements under the statute. In his Opposition, Plaintiff misidentifies the sexual harassment policy as EHS' whistleblower policy. Instead, the correct policy is attached as Exhibit B to Valcin's Affidavit. With regard to this policy, Plaintiff fails to identify how Defendants failed to comply with it in either the FAC or in his Opposition. Even with regard to the sexual harassment policy identified by Plaintiff, Plaintiff only makes conclusory allegations of noncompliance with the retaliation provision. As for Plaintiff's contention that the adequacy of a whistleblower policy's implementation is a question of fact which cannot be decided on a motion to dismiss, relying *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275 (S.D.N.Y. 2006), *Ochei* does not support his claim, as that court did not analyze a retaliation claim under NPCL § 715-b, and actually dismissing the retaliation claim for

9

failure to show a causal connection. Plaintiff's claim under the NPCL should be dismissed.

## POINT VI

## PLAINTIFF'S CLAIMS UNDER THE FLSA AND NYLL MUST BE DISMISSED

Plaintiff's claims for unpaid overtime pay should be dismissed because the Residency Agreement conclusively establishes that Plaintiff received a stipend of $40,614.94 for work performed during the 52-week training program, rather than hourly wages. (*See* Valcin Aff., Exhibit "A"). It is also incorporated by reference, as Plaintiff alleges that his *agreement was not renewed*. (FAC ¶ 164). Plaintiff does not dispute the validity of the Residency Agreement, and his argument that it should not be considered at this stage is meritless. (*See* Pl's Opp. at pp. 19-20). Otherwise, Plaintiff's argument that his wage statements reflect an hourly payment of $20.82, is not inconsistent with the stipend; rather, the hourly pay merely shows how the stipend was distributed each pay period. In Defendants' moving papers, Defendants relies on this Court's discussion of a stipend payment in *Azeez v. Ramaiah*, 2015 U.S. Dist. LEXIS 46574 (S.D.N.Y. Apr. 9, 2015), finding no overtime violation. Plaintiff does not attempt to address this authority.

As for the remainder of Plaintiff's NYLL claims, Plaintiff did not meaningfully respond to Defendants' arguments with respect to NYLL 191, 195.1, and NYLL 195.3. Accordingly, Defendants incorporate by reference those arguments as set forth in their moving papers and respectfully request that Plaintiff's claims pursuant to these sections be dismissed in their entirety.

For these reasons, Plaintiff's claims under the FLSA and NYLL should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant their motion to dismiss the Plaintiff's First Amended Complaint, together with such other and further relief as the Court deems just and proper.

Dated: August 18, 2025                                          BOND, SCHOENECK & KING, PLLC

                                                                By: __*/s/ Rebecca K. Kimura*_____
                                                                    Rebecca K. Kimura, Esq.
                                                                    Mary Ellen Donnelly, Esq.
                                                                    Sabrina Salama, Esq.
                                                                    *Attorneys for Attorneys for Defendants*
                                                                    600 Third Avenue, 22nd Floor
                                                                    New York, New York 10016
                                                                    rkimura@bsk.com
                                                                    (646) 253-2300

## **CERTIFICATION**

The undersigned, an attorney duly admitted to the bar of this Court, hereby certifies under the penalty of perjury that the foregoing Memorandum of Law contains 3217 words (excluding the Cover Page, Table of Contents, and Table of Authorities), and complies with Rule 7.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

*/s/ RKK*
Rebecca K. Kimura, Esq.
