UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUSSELL DAVENPORT,

        *Plaintiff*,

- against -

EPISCOPAL HEALTH SERVICES, INC.,
ST. JOHN'S EPISCOPAL HOSPITAL
SOUTH SHORE, and ASNEL VALCIN,

        *Defendants*.

Case No.: 1:24-cv-8821 (RPK) (LB)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION**

TA Legal Group PLLC
Taimur Alamgir, Esq.
205 East Main Street, Suite 3-2
Huntington, NY 11743
Tel.: (914) 552-2669
tim@talegalgroup.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.    FLSA COLLECTIVE ACTION CLAIMS ........................................................... 2

III.    ARGUMENT .......................................................................................................... 4

    A.    The Court Should Certify the Collective Action and Order Notice................. 4

    B.    Plainitff Has Made the Required Showing that the Covered Employees Are Similarly Situated with Respect to Their FLSA Claims. ............................ 6

    C.    Court-Authorized Notice Is Appropriate in This Case. ..................................... 6

    D.    Discovery of Names and Contact Information of Potential Opt-In Plaintiffs Is Proper and Necessary. ................................................................... 8

IV.    CONCLUSION ....................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ...............................8

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 3624, 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015) ........................................................................................................5

*Cabrera v. Stephens*, No. 16 Civ. 3234, 2017 U.S. Dist. LEXIS 160044 (E.D.N.Y. Sept. 28, 2017) ...................................................................................................................................7

*Chen v. XpressSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003 (E.D.N.Y. Feb. 16, 2016)...................................................................................................7

*Damassia v. Duane Reade. Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) ....................................................................................................................4

*Elmajdoub v. MDO Dev. Corp.*, No. 12 Civ. 5239, 2013 U.S. Dist. LEXIS 176270 (S.D.N.Y. Dec. 11, 2013).................................................................................................................7

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007)..........................7

*Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 6608 (S.D.N.Y. Jan. 20, 2015) ..........................................................................................................................6

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ...................................................................................................................5

*Hart v. Crab Addison Inc..*, No. 13 Civ. 6458, 2015 U.S. Dist. LEXIS 9197, at *3 (W.D.N.Y. Jan. 27, 2015)………………………………………………………………………….5

*Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822 (S.D.N.Y. Apr. 6, 2012)....................................................................................................6

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)......................................................4

*Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989)...............................................................4, 7

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ...................................................................................................5

*Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165 (S.D.N.Y. May 31, 2011)................................5

*Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ................................5

*Martinenko v. 212 Steakhouse Inc.*, No. 22 Civ. 518, 2022 U.S. Dist. LEXIS 76078 (S.D.N.Y. Apr. 26, 2022) ..................................................................................................7

*Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sept. 16, 2013) ..................................................................................................5

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)..................................................................4

*Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2020 U.S. Dist. LEXIS 96123 (June 1, 2020) ...................................................................................................................................7

*Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718, 15 Civ. 3023, 2016 U.S. Dist. LEXIS 122428 (S.D.N.Y. Sept. 8, 2016)........................................................................................4

*Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892, 2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. May 19, 2014)...................................................................................................................8

*Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2018 U.S. Dist. LEXIS 108437 (S.D.N.Y. June 28, 2018)..................................................................................................5

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ..........................................6

**STATUTES**

29 U.S.C. § 207(a)(1).......................................................................................................................2

29 U.S.C. § 216(b) ......................................................................................................................1, 4

Plaintiff, Russell Davenport ("Plaintiff") respectfully submits this Memorandum of Law in support of his Motion for an Order:

(a) granting conditional certification of a collective action pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 216(b);
(b) approving the proposed notice attached to the Declaration of Taimur Alamgir as Exhibit A to be mailed and emailed to all potential opt-in plaintiffs;
(c) compelling Defendants, Episcopal Health Services, Inc. ("EHS"), St. John's Episcopal Hospital South Shore ("St. John's"), and Asnel Valcin ("Valcin") ("collectively, Defendants") to post the proposed notice in conspicuous locations in at St. John's Episcopal Hospital South Shore where potential opt-in claimants are employed;
(d) compelling Defendants to produce the names, job titles, dates of employment, last known mailing address, last known email address, and all known telephone numbers of all potential opt-in plaintiffs within two (2) weeks, and
(e) granting such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

Plaintiff seeks conditional certification of a collective action defined as follows:

*All Chaplain Residents and Supervisors-In-Training employed by Defendants at St. John's Episcopal Hospital South Shore on or after December 26, 2021.*

(hereinafter, "Covered Employees")

Plaintiff alleges that Defendants violated the FLSA by failing to pay him and other Covered Employees for overtime hours worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Covered Employees were subject to a common policy requiring them to clock out at the end of their scheduled shifts but continue working off-the-clock without compensation. Additionally, Defendants deducted 30 minutes daily for purported lunch breaks, even though Plaintiff and other Covered Employees were required to work through these breaks. As a result of Defendants' unlawful practices, Plaintiff and Covered Employees suffered systemic underpayment of wages and overtime compensation in violation of the FLSA.

Plaintiff has made the modest factual showing required for conditional certification by submitting his declaration, which details Defendants' unlawful policies and practices, and by providing evidence that other Covered Employees were similarly affected and were, like Plaintiff, deprived of overtime. Accordingly, Plaintiff respectfully requests that the Court grant his motion

1

for conditional certification, authorize notice to potential opt-in plaintiffs, and order Defendants to produce the names and contact information of all Covered Employees.

## II. FLSA COLLECTIVE ACTION CLAIMS

The FLSA requires an employer to pay employees at an overtime rate not less than one and one-half (1½) times their regular pay rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a)(1),

Plaintiff was employed by Defendants as a Chaplain Resident in the Clinical Pastoral Education ("CPE") Program at St. John's Episcopal Hospital South Shore from February 2022 until his unlawful termination in May 2023. Plaintiff was compensated at a base hourly rate of $20.82 and was paid on a bi-weekly basis. Although officially scheduled to work 8-hour shifts, 5 days per week, with a 30-minute break each day, Plaintiff regularly worked 8-10 hours per day with no break, totaling approximately 41-45 hours per week. Davenport Decl. ¶¶ 3-4.

As described in Plaintiff's accompanying Declaration, Defendants failed to compensate Plaintiff for all hours worked, including overtime, due to their unlawful policies and practices. Based on Plaintiff's observations and conversations with other Chaplain Residents and Supervisors-In-Training, all Covered Employees worked overtime hours regularly, but were subject to the same unlawful policies and practices that applied to Plaintiff, and, like Plaintiff, unlawfully deprived of overtime as a result. *See* Davenport Decl.

Throughout his employment, Defendants regularly required Plaintiff to clock out at the scheduled end of his shift but continue working off-the-clock without compensation. This off-the-clock work occurred approximately 2-5 times per week and would vary in duration but would often last for an hour or more. During this post-shift off-the-clock working time, Plaintiff was required to counsel patients and families, complete charting, and handle other pastoral responsibilities. Despite performing such off-the-clock work, Plaintiff was never compensated for this post-shift working time. Davenport Decl. ¶¶ 7-10.

Like Plaintiff, other Covered Employees were required to clock out at the end of their scheduled shifts but continue performing work without compensation. Davenport Decl. ¶¶ 11-14.

Defendant Valcin, the Director of the CPE program, openly mandated that all Chaplain Residents and Supervisors-In-Training clock out at the end of their scheduled shifts and continue working off-the-clock, repeatedly stating to Plaintiff and Covered Employees "**If you can't finish your work in your shift, you have to clock out and then finish your work**." Valcin further admonished Plaintiff (in sum and substance) that, if Plaintiff and Covered Employees wished to be paid the wages and overtime required by the FLSA, they should work "faster." Davenport Decl. ¶¶ 15-17.

Further proving a common FLSA violation, on those occasions that Plaintiff and Covered Employees clocked out when they actually stopped working, as opposed to the scheduled shift end time, Defendants manually manipulated time records to reflect clock-out times corresponding to the scheduled shift conclusion, even when employees worked beyond their scheduled shifts. Davenport Decl. ¶¶ 18-21.

Additionally, Defendants deducted 30 minutes daily from Plaintiff's compensable time for a purported lunch break. Despite this deduction, Plaintiff was regularly required to remain on call and perform work duties during these breaks, such as counseling patients and families. As a result, Plaintiff was not provided with *bona fide*, uninterrupted breaks, and the 30-minute deduction further reduced his pay and overtime unlawfully. Covered Employees similarly suffered unpaid overtime wages due to this commonly-applicable unlawful practice of deducting time and denying free and clear breaks. Davenport Decl. ¶¶ 22-25.

Paystubs issued by Defendants to Plaintiff, a sampling of which are attached as Exhibit B to the Declaration of Taimur Alamgir, corroborate Plaintiff's allegations that he and Covered employees were systematically deprived of wages and overtime. The paystubs show that, that

3

Plaintiff was paid consistently for 75 or less hours bi-weekly, and that he was repeatedly paid for exactly 75 hours (37.5 hours per week). Alamgir Decl., Ex. B. This demonstrates Defendants' policy of limiting Plaintiff's compensation for each bi-weekly pay period to no more than 75 hours of straight time compensation, regardless of how much he worked. As such, the paystubs confirm the existence of the unlawful, common off-the-clock work requirements and break policy.

Plaintiff and Covered Employees were subject to the same off-the-clock work requirements and break policy during their employment for Defendants as Chaplain Residents and Supervisors-In-Training, Since Plaintiff and Covered Employees regularly worked over forty (40) hours per workweek, the cumulation of unpaid off-the-clock work resulted in unpaid overtime wages every week. Defendants' failure to compensate Plaintiff and Covered Employees for all working time and overtime is a violation of the FLSA.

As discussed below, Plaintiff has clearly made the required modest factual showing that he and the Covered Employees together were victims of a common policy or plan that violated the law. Plaintiff is therefore entitled to conditional certification of a collective action.

### III.  ARGUMENT

Under the FLSA, employees may sue on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b). In order for similarly situated employees to participate in an FLSA collective action, they must opt-in to the collective action by filing a written consent form to become a party plaintiff. *Id.*; *see also Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718, 15 Civ. 3023, 2016 U.S. Dist. LEXIS 122428, at *13 (S.D.N.Y. Sept. 8, 2016). Unlike class actions under the Fed. R. Civ. P. 23, "in FLSA collective actions, 'only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it.'" *Id.* (citing *Damassia v. Duane Reade. Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *7 (S.D.N.Y. Oct. 5, 2006)) (internal citations omitted). Although 29 U.S.C. § 216(b) does not explicitly address

4

court-authorized notice to potential opt-in plaintiffs, "[i]t is well settled that district courts have the discretionary power to authorize sending of notice to potential class members in a collective action" *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). As the filing of an FLSA collective action does not toll the three-year statute of limitations, it is critical that potential opt-in plaintiffs be afforded notice of the claims and opportunity to opt-in before their claims expire as time passes.

### A. The Court Should Certify the Collective Action and Order Notice.

Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). In the first step, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. "The Court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id*. (citing *Hoffmann*, 982 F. Supp. at 261). This is a lenient standard, and "modest factual showing" must remain a low standard of proof as the first stage is merely to determine whether "'similarly situated' plaintiffs do in fact exist,'" and it is at the second stage, on a fuller record, that the Court determines whether the collective action is appropriate or should be de-certified. *Id*.

In determining whether the Court should conditionally certify an FLSA collective action, district courts look at the allegations in the pleadings and declarations in order to determine whether plaintiffs and potential opt-in plaintiffs are sufficiently similarly situated to issue notice. *See e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *4-5 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *see also Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2018 U.S. Dist. LEXIS 108437, at *7 (S.D.N.Y. June 28, 2018) (quoting *Hallissey v. Am. Online, Inc.*, No. 99

5

Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *3-4 (S.D.N.Y. Feb. 19, 2008)) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777, at *10 (S.D.N.Y. Sept. 16, 2013) ("Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."). Potential opt-in plaintiffs do not have to be identical or subject to identical treatment as "courts have determined that the applicable test is whether the plaintiffs have established a sufficient 'factual nexus' between their situation and the situation of other putative collective action members." *See Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. May 31, 2011). Evidence that a supervisor (here, Valcin) confirmed the existence of a common unlawful policy supports conditional certification. *Hart v. Crab Addison*, Inc., No. 13 Civ. 6458 (CJS), 2015 U.S. Dist. LEXIS 9197, 2015 WL 365785, at *3 (W.D.N.Y. Jan. 27, 2015) (attestation that supervisors told them that job requirements reflected defendants' corporate policies "suggests the existence of other similarly-situated employees").

At this stage, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 3624, 2015 U.S. Dist. LEXIS 90616, at *6 (S.D.N.Y. July 13, 2015) (quoting *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). The Court "should not examine 'whether there has been an actual violation of law,' but rather 'whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated.'" *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 6608, at *6 (S.D.N.Y. Jan. 20, 2015) (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). Instead, "[u]pon finding that plaintiffs are similarly situated with other potential opt-ins, a court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action continue as a collective

action throughout the discovery process." *Id*. (quoting *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822, at *11 (S.D.N.Y. Apr. 6, 2012)). Here, Plaintiff has made the "modest factual showing" that he and potential opt-in plaintiffs, the Covered Employees, were subject to a common policy that violated the FLSA.

### B. Plaintiff Has Made the Required Showing that the Covered Employees Are Similarly Situated with Respect to Their FLSA Claims.

As propounded above and set forth in Plaintiff's declaration, Plaintiff and the Covered Employees are similarly situated with regards to their FLSA claims. At all times, Defendants failed to compensate Plaintiff and the Covered Employees the full and proper wages for all hours worked due to Defendants' commonly applied break policy and off-the-clock work requirements, resulting in under-compensation of overtime wages each week in violation of the FLSA. As the pleadings and Plaintiff's declaration meet the modest factual showing requirement that Plaintiff and the Covered Employees were subject to the same compensation scheme and illegal policies and practices, conditional certification of an FLSA collective action is appropriate here.

### C. Court-Authorized Notice Is Appropriate in This Case.

In addition to an order conditionally certifying an FLSA collective action, Plaintiff respectfully requests that the Court use its broad discretion and authorize notice by mail and email to all Covered Employees who have worked for Defendants at any period in the three (3) years prior to the initiation of this action on December 26, 2024, and judicial authorization and posting of the proposed notice.

Courts have broad discretionary authority to facilitate notice to potential plaintiffs regarding the pendency of the action and their right to opt-in as a party plaintiff. *See Hoffmann-La Roche*, 493 U.S. at 169-170; *see also Martinenko v. 212 Steakhouse Inc.*, No. 22 Civ. 518, 2022 U.S. Dist. LEXIS 76078, at *18 (S.D.N.Y. Apr. 26, 2022). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions." *Id.* (quoting *Fasanelli v. Heartland*

*Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). "The job of the court is to make sure that notice 'is timely, accurate, and informative.'" *Id.* (quoting *Hoffmann-La Roche*, 493 U.S. at 172). Courts are "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Elmajdoub v. MDO Dev. Corp.*, No. 12 Civ. 5239, 2013 U.S. Dist. LEXIS 176270, at *15-16 (S.D.N.Y. Dec. 11, 2013).

Furthermore, courts in this Circuit have routinely approved the posting of the Court-Authorized notice at the job site, even where potential members will also be notified by mail. *See Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2020 U.S. Dist. LEXIS 96123, at *30 (June 1, 2020) (noting that "posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in"); *see also Cabrera v. Stephens*, No. 16 Civ. 3234, 2017 U.S. Dist. LEXIS 160044, at *26 (E.D.N.Y. Sept. 28, 2017); *Chen v. XpressSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003, at *31 (E.D.N.Y. Feb. 16, 2016) ("The posting of a notice is a common requirement.").

Here, Plaintiff's proposed notice is attached as Exhibit A to the Alamgir Declaration. As the proposed notice is fair and adequately provides clear notice regarding the FLSA claims and instructions on how to opt in, Plaintiff respectfully requests that this notice be approved for dissemination via mail and email. In addition, Plaintiff requests that Defendants be ordered to post the notice in a conspicuous location at St. John's Episcopal Hospital South Shore, where potential opt-ins are employed.

### D. Discovery of Names and Contact Information of Potential Opt-In Plaintiffs Is Proper and Necessary.

Upon conditional certification of an FLSA collective action, courts routinely order the discovery of names and contact information of potential collective members. "In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone

numbers, email addresses, and dates of employment of potential collective action members." *Tanski*, 2017 U.S. Dist. LEXIS 112506 at *50 (quoting *Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892, 2014 U.S. Dist. LEXIS 68538, at *43-44 (E.D.N.Y. May 19, 2014)) (internal citations omitted); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016).

To facilitate notice, Plaintiff respectfully requests that the Court order Defendant to produce within two (2) weeks of this Order, in Excel format, a list of all Covered Employees, including their names, job titles, dates of employment, last known mailing address, last known email address, and all known telephone numbers.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant conditional certification of a collective action for the Covered Employees in the herein matter and order that Defendant provide the list of Covered Employees within two (2) weeks so that notice of this action can be disseminated via mail and email.

Dated:   Huntington, NY
         April 14, 2025

                                          Respectfully Submitted,
                                          **TA LEGAL GROUP PLLC**

By:   _____
                            Taimur Alamgir, Esq.
                            205 E Main Street, Suite 3-2
                            Huntington, NY 11743
                            Tel. (914) 552-2669
                            tim@talegalgroup.com