UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUSSELL DAVENPORT,

                    Plaintiff,

             v.

EPISCOPAL HEALTH SERVICES, INC., ST.
JOHN'S EPISCOPAL HOSPITAL SOUTH
SHORE, AND ASNEL VALCIN,

                    Defendants.

Civil Action No.: 1:24-cv-08821
(RPK) (LB)


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION**


**BOND, SCHOENECK & KING, PLLC**
Rebecca K. Kimura, Esq.
Mary Ellen Donnelly, Esq.
Sabrina Salama, Esq.
*Attorneys for Defendants*
600 Third Avenue, 22nd Floor
New York, New York 10016
 (646) 253-2300
rkimura@bsk.com
mdonnelly@bsk.com
ssalama@bsk.com

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL AND PROCEDURAL POSTURE ........................................................... 1

RELEVANT ALLEGATIONS .................................................................................... 2

ARGUMENT ............................................................................................................... 4

    I.    PLAINTIFF FAILS TO ALLEGE A VIABLE FLSA CLAIM AND THUS CANNOT SATISFY THE THRESHOLD FOR CONDITIONAL CERTIFICATION ................... 4

    II.    THE STANDARD FOR CONDITIONAL CERTIFICATION ..................................... 6

    III.    PLAINTIFF HAS FAILED TO SATISFY HIS PRELIMINARY BURDEN ................. 8

        A. Plaintiff's Declaration Is Insufficient to Demonstrate a Common Policy ................. 8

        B. Affidavits from Chaplain Residents Named in Plaintiff's Declaration Undercuts Any Notion of "Similarly Situated" Employees or "Common Policy" ................... 13

        C. Plaintiff's Paystubs Are Also Insufficient to Establish a Common Policy .............. 16

    IV.    PLAINTIFF'S PROPOSED NOTICE AND PROCEDURES ARE DEFECTIVE ....... 17

    V.    PLAINTIFF'S REQUEST FOR NAMES AND CONTACT INFORMATION SHOULD BE DENIED ................................................................................................. 19

CONCLUSION ............................................................................................................ 20

CERTIFICATION ........................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anglada v. Linens 'n Things, Inc.*, 2007 U.S. LEXIS 39105, at *26
(S.D.N.Y. Apr. 26, 2007) ................................................................................ 19

*Bah v. Shoe Mania, Inc.*, No. 08CIV.9380LTSAJP, 2009 WL 1357223, at *4
(S.D.N.Y. May 13, 2009) ................................................................................ 17

*Benavides v. Serentiy Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82
(S.D.N.Y. 2016) .............................................................................................. 10

*Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212
(E.D.N.Y. 2009) ................................................................................................ 7

*Carroll v. Leboeuf, Lamb, Greene & MacRae, L.L.P.*, 614 F. Supp. 2d 481, 482-83 ................ 16

*Coons v. Family Counseling Ctr. of Fulton Cty.*, 2018 U.S. Dist. LEXIS 143380, at *7
(N.D.N.Y. Aug. 23, 2018) ................................................................................ 19

*Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 466
(E.D.N.Y. 2015) ................................................................................................ 5

*Cruz v. 70-30 Austin St. Bakery, Inc.*, 2019 U.S. Dist. LEXIS 73666, at *14
(S.D.N.Y. May 1, 2019) .................................................................................. 10

*Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, at *7
(E.D.N.Y. Feb. 10, 2012) ................................................................................ 19

*Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324
(S.D.N.Y. 2007) .............................................................................................. 18

*Francis v. A & E Stores, Inc.*, 2008 U.S. Dist. LEXIS 83369, at *3
(S.D.N.Y. Oct. 15, 2008) ................................................................................ 12

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, 2019 U.S. Dist. 22745, at *7-8
(S.D.N.Y. Feb. 5, 2019) .................................................................................. 13

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107, 110
(S.D.N.Y. 2003) ........................................................................................ 17, 18

*Guan Ming Lin v. Benihana National Corp.*, 275 F.R.D. 165, 172
(S.D.N.Y. 2011) .............................................................................................. 13

*Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387, at *1
(S.D.N.Y. Feb. 19, 2008) .................................................................................. 7

*Harrington v. Educ. Mgmt Corp.*, 2002 U.S. Dist. LEXIS 8823, at *2
(S.D.N.Y. May 17, 2002) ................................................................................ 12

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261
(S.D.N.Y. 1997) ................................................................................................ 6

*Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ...................................... 17

*Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F.Supp.2d 439, 448–51
(S.D.N.Y. 2013) .............................................................................................. 15

*Jian Guo Yang v. Zhou's Ymmy Rest., Inc.*, 2020 U.S. Dist. LEXIS 93559, at *6
(E.D.N.Y. Apr. 28, 2020) ................................................................................ 10

*Jibowu v. Target Corp.*, 2020 U.S. Dist. LEXIS 236887, at *4
(E.D.N.Y. Dec. 16. 2020) ........................................................................... 17

*Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 129
(E.D.N.Y. 2020) .......................................................................................... 19

*Joshi v. Flagship S B Amsterdam NY, LLC*, 2018 U.S. Dist. LEXIS 33759, *6
(S.D.N.Y. Mar. 1, 2018) ................................................................... 10, 11, 14

*Junjiang Ji v. Jling, Inc.*, 2016 U.S. Dist. LEXIS 66013, at *16
(E.D.N.Y. May 19, 2016) ............................................................................ 11

*Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 470
(S.D.N.Y. 2016) ............................................................................................ 6

*Ladino v. The Ridgewood Ale House Inc.*, 598 F. Supp. 3d 53, 59
(E.D.N.Y. 2022) ............................................................................................ 7

*LeGrant v. Educ. Mgmt Corp.*, 2004 U.S. Dist. LEXIS 17696, at *2
(S.D.N.Y. Sept. 2, 2004) ............................................................................. 12

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 U.S. Dist. LEXIS 154246, at *7
(S.D.N.Y. Sept. 9, 2019) ........................................................................ 13, 14

*Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550, at *11
(S.D.N.Y. June 1, 2015) ........................................................................ 10, 11

*Mendoza v. Casa De Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519, at *4
(S.D.N.Y. Apr. 7, 2008) ................................................................................ 7

*Mongiove v. Nate's Corp.*, 2016 U.S. Dist. LEXIS 16878, at * 3
(E.D.N.Y. Feb. 11, 2016) .............................................................................. 6

*Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265
(S.D.N.Y. 2012) .......................................................................................... 12

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ............................... 5, 6, 7

*Qing Gu v. T.C. Chikurin, Inc.*, 2014 U.S. Dist. LEXIS 53813, at *10
(E.D.N.Y. Apr. 17, 2014) ............................................................................ 14

*Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 61634, at *8
(E.D.N.Y. Apr. 30, 2013) ............................................................................ 19

*Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 514
(E.D.N.Y. 2011) ............................................................................................ 7

*Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980, at *2
(S.D.N.Y. Jan. 27, 2014) ............................................................................. 11

*She Jian Guo v. Tommy's Sushi Inc.*, 2014 U.S. Dist. LEXIS 147981, at *4
(S.D.N.Y. Oct. 16, 2014) ............................................................................ 13

*Valerio v. RNC Indus.*, LLC, 314 F.R.D. 61, 65
(E.D.N.Y. 2016) ..................................................................................... 6, 19

*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 U.S. Dist. LEXIS 53625, at *12
(S.D.N.Y. March 26, 2018) ......................................................................... 14

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021) ...................... 19

*Williams v. TSU Global Servs.*, 2018 U.S. Dist. LEXIS 198813, at *30
(E.D.N.Y. Nov. 20, 2018) ........................................................................... 19

*Yap v. Mooncake Foods, Inc.*, 146 F.Supp.3d 552, 565
(S.D.N.Y. 2015) .......................................................................................... 14

*Zeledon v. Dimi Gyro LLC*, 2016 U.S. Dist. LEXIS 150526, at *35-38
(S.D.N.Y. Oct. 13, 2016) ............................................................................ 14

**Other Authorities**

29 U.S.C. § 206 ........................................................................................................... 6

29 U.S.C. § 206(a) ...................................................................................................... 5

29 U.S.C. § 207 ........................................................................................................... 6

29 U.S.C. § 216(b) ............................................................................................ 1, 6, 11

29 U.S.C. § 255 ......................................................................................................... 18

29 U.S.C. § 255(a) .................................................................................................... 18

Fair Labor Standards Act ...................................................... 1, 3, 4, 5, 6, 8, 9, 13, 18

Fed. R. Evid. 901(a) ................................................................................................. 16

to 29 C.F.R. § 778.109 ............................................................................................... 4

## PRELIMINARY STATEMENT

Defendants St. John's Episcopal Hospital (the "Hospital"), Episcopal Health Services Inc. ("EHS"), and Asnel Valcin ("Valcin") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Russell Davenport's ("Plaintiff") motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA") and 29 U.S.C. § 216(b).

Plaintiff's own allegations in his First Amended Class and Collective Action Complaint dated May 7, 2025 (the "FAC") (ECF Doc. No. 13) and records submitted in support of this motion show consistent and FLSA-compliant payment for hours worked, undermining any claim of widespread off-the-clock work or unpaid overtime. Even taking all his allegations as true, he cannot establish that he or any other employee received less than the federal minimum wage of $7.25 per hour or required overtime wage pursuant to the FLSA, because he fails to allege or state a claim under the FLSA for any overtime liability based upon his alleged number of hours worked and pay that he received. Beyond the facially deficient pleadings, Defendants respectfully oppose Plaintiff's motion because Plaintiff has failed to meet the modest factual showing necessary for conditional certification. Plaintiff's allegations are based on subjective assertions and conclusory statements that lack the requisite evidentiary support to demonstrate that other employees are "similarly situated" with respect to the alleged unlawful policies. Moreover, they are directly contradicted by the very individuals Plaintiff identified as supporting his class and collective claims. For the reasons discussed below, Plaintiff's motion for conditional certification of a collective action should be denied in its entirety.

### FACTUAL AND PROCEDURAL POSTURE

This memorandum incorporates the Memorandum of Law in Support of Defendants'

Motion to Dismiss the First Amended Complaint dated June 27, 2025, and the Affidavit of Asnel Valcin in support thereof, dated June 25, 2025 ("Valcin Aff."); and the affidavits of former Chaplain Residents Timothy Taylor, dated June 3, 2025 ("Taylor Aff."), Melvin Reid, dated May 23, 2025 ("Reid Aff."), and Ruth Mathew, dated June 21, 2025 ("Mathew Aff.").

## <u>RELEVANT ALLEGATIONS</u>

In February 2022, Plaintiff was accepted into EHS's Clinical Pastoral Education and Training Program (the "CPE Program") as a Chaplain Resident. (FAC ¶ 59). Plaintiff does not allege that he was ever a participant in the Supervisor-In-Training program or received compensation in that program. Plaintiff's tenure in the CPE Program as a Chaplain Resident was governed by a residency agreement (the "Residency Agreement"), which was incorporated by reference in the FAC. (*Id.* ¶ 164). The Residency Agreement provides that Plaintiff was paid pursuant to a stipend of $40,614.94 which covered the term of the contract from May 23, 2022 to May 22, 2023, for twelve months. (*See* Valcin Aff., in support of Defendants' Motion to Dismiss the First Amended Complaint ("Valcin Aff."), Exhibit "A"). In the Residency Agreement, Plaintiff further agreed to comply with EHS's policies, and ensure that services were provided in accordance with applicable Federal and New York State laws and regulations. (Valcin Aff., Exhibit "A").

Notwithstanding the terms of the Residency Agreement, Plaintiff alleges that throughout his time worked as a Chaplain Resident in the CPE Program, Plaintiff was compensated at a straight time base hourly rate of $20.82. (*Id.* ¶ 64). Plaintiff alleges he regularly worked 8-10 hours per day, 5 days per week, for a total of approximately 41-45 hours per week. (*Id.* ¶ 65). During the relevant time period, Plaintiff was compensated on a biweekly basis. (*Id.* ¶ 67). Plaintiff alleges that during this time, Plaintiff was not paid for all regular and overtime hours worked. (*Id.* ¶ 68).

Plaintiff imputes these allegations on the FLSA Collective Plaintiffs and Class Members. (*Id.* ¶¶ 66-67).

While Plaintiff and other Chaplain Residents were scheduled to work eight-hour shifts, Plaintiff alleges that he was required, approximately 2-5 times per workweek on average, to clock out and continue working past the scheduled end of his shift, sometimes for an hour or more. (*Id* ¶¶ 69-70). Throughout this period, Plaintiff alleges that he was not compensated for the time that he was made to work after clocking out at the end of his shift. (*Id.* ¶ 70). However, this allegation relates solely to his claim that he worked past his own scheduled shift and he does not allege that all Chaplain Residents were required to work past their regular shift time, or did in fact work past their shift time.

In the FAC, Plaintiff was regularly required to continue working off-the-clock past the end of his scheduled shift when called on to counsel the families of patients in traumatic situations. (*Id.* ¶ 72). Other duties that Plaintiff alleges he was required to perform on a regular basis after clocking out included opening the "relaxation room" for employees, counseling employees that experienced traumatic situations, and counseling and assessing patients. (*Id.*). Moreover, even once he completed his spiritual and clinical duties, Plaintiff was required to submit documentation ("charting") prior to leaving. (*Id.*).

Throughout the CPE Program, Plaintiff was subject to a daily thirty-minute deduction from his compensation for a lunch break. (*Id.* ¶ 76). However, Plaintiff alleges he was never permitted to have a free and clear break for lunch because he remained on call throughout the day and was frequently directed by Defendants to perform pastoral duties and other work tasks during this lunch break. (*Id.*). Similarly, Plaintiff alleges that other Chaplain Residents and Supervisors-In-Training were also subject to daily thirty-minute deductions for a lunch break but were still required to work

3

during that time. (*Id.* ¶ 77). Due to the aforementioned policy of deducting thirty minutes from Plaintiff's hours even though Plaintiff was required to work all day, Plaintiff alleges that he and the FLSA Collective Plaintiffs were deprived of regular and overtime wages. (*Id.* ¶ 78).

     For the following reasons, the Court should deny Plaintiff's motion in its entirety.

## ARGUMENT

### I.    PLAINTIFF FAILS TO ALLEGE A VIABLE FLSA CLAIM AND THUS CANNOT SATISFY THE THRESHOLD FOR CONDITIONAL CERTIFICATION

     The Court need not look beyond Plaintiff's own FAC and Plaintiff's accompanying Exhibit B in support of his motion for class certification—copies of Plaintiff's paystubs—to conclude that conditional certification is unwarranted. As set forth below, because Plaintiff has failed to identify any violation of the FLSA on the face of his own allegations, his FLSA allegations should be dismissed and this motion should be denied.

     According to the FAC, Plaintiff was compensated at an hourly rate of $20.82 for all hours worked. (FAC ¶ 64). Plaintiff further alleges that he worked between 41 and 45 hours per week. (*Id.* ¶ 65.) Even assuming, arguendo, that Plaintiff worked beyond his regularly scheduled 37.5-hour workweek due to mealtime interruptions or occasional post-shift duties, the pleadings and exhibits still fail to state a viable claim under the FLSA for either minimum wage or overtime violations.  Moreover, the Residency Agreement provides that Plaintiff was compensated for his work in the CPE Program pursuant to a stipend covering twelve months for which he would receive a total of $40,614.94.  (Valcin Aff., Exhibit "A").

     Pursuant to 29 C.F.R. § 778.109, an employee's regular rate of pay for purposes of the FLSA is determined by dividing total weekly compensation by total hours worked. Applying that formula to Plaintiff's allegations, if Plaintiff worked the maximum number of hours alleged (45

hours), his effective hourly wage would fall to approximately $17.36—well above the FLSA minimum wage of $7.25 per hour and the overtime threshold of $10.88 per hour (1.5 times the federal minimum). See 29 U.S.C. § 206(a); see also *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 466 (E.D.N.Y. 2015) (dismissing minimum wage claims where plaintiffs' average pay exceeded the federal minimum wage, even after accounting for overtime hours).

Accordingly, Plaintiff's own allegations and documentary evidence confirm that he was compensated at a rate that exceeds FLSA requirements. Because Plaintiff cannot establish a facially plausible FLSA claim, he likewise cannot satisfy the threshold requirement of demonstrating that he and potential opt-in plaintiffs were victims of a common unlawful policy or plan. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (collective actions under the FLSA require a "modest factual showing" that plaintiffs and others were subjected to a common unlawful policy or practice).

Based on the foregoing, and as set forth in Defendants' Motion to Dismiss the FAC, Plaintiff's FLSA overtime claim should be dismissed in its entirety. Moreover, due to Plaintiff's consequent failure to establish that he is similarly situated to any other Chaplain Residents and Supervisors-In-Training who were subject to a common plan or policy that allegedly violated the FLSA, the instant motion should also be denied as moot.

Finally, Plaintiff has failed to provide any factual allegations concerning the overtime pay of Supervisors-In-Training, or even identify any participant in the Supervisors-In-Training program who was subjected to the overtime policy that Plaintiff alleges. Plaintiff was not a participant in the Supervisors-In-Training program, which was a different program within the Hospital. Although Plaintiff alleges generally that he spoke with Supervisors-In-Training, he fails to identify any such individual who provided information or even the details of their compensation

structure. Plaintiff does not allege that he ever reviewed the paystub of a Supervisor-In-Training during the relevant time period and only speculates based on unidentified hearsay comments that they were not compensated for all hours worked. For this additional reason, the motion should be denied with regard to Supervisors-In-Training.

## II.    THE STANDARD FOR CONDITIONAL CERTIFICATION

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. *See* 29 U.S.C. §§ 206-207 . Under Section 216(b) of the FLSA, an employee may bring a private right of action to recover unpaid wages and overtime compensation not only on behalf of themselves but also on behalf of other "similarly situated" employees who opt in by filing written consent with the court. See 29 U.S.C. § 216(b); *Valerio v. RNC Indus.*, LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective. *See Mongiove v. Nate's Corp.*, 2016 U.S. Dist. LEXIS 16878, at * 3 (E.D.N.Y. Feb. 11, 2016). First, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (internal quotations marks omitted). In order to achieve conditional certification, plaintiffs must make only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law." *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At this stage, the key element is that a plaintiff is able to demonstrate that employees were subject to a shared unlawful policy. *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 470 (S.D.N.Y. 2016).

Although "unsupported assertions" are not sufficient to certify a collective action, the

Second Circuit has emphasized that the standard of proof at this initial stage should remain "low" because "the purpose of this . . . stage is to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387, at *1 (S.D.N.Y. Feb. 19, 2008).  However, "conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action." *Mendoza v. Casa De Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519, at *4 (S.D.N.Y. Apr. 7, 2008). Moreover, "courts have denied conditional certification where a plaintiff makes only conclusory allegations about his workplace and fails to present any specific evidence of a common policy of wage-and-hour violations." *Ladino v. The Ridgewood Ale House Inc.*, 598 F. Supp. 3d 53, 59 (E.D.N.Y. 2022).

The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly situated. *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Bifulco*, 262 F.R.D. at 212 (quotations and citations omitted). In the event that they are not, "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." *Id.*

For purposes of this opposition, Defendants address the first step, as the motion for conditional certification is filed prior to the completion of discovery. As set forth below, Plaintiff has failed to meet even the modest burden required.

## III.    PLAINTIFF HAS FAILED TO SATISFY HIS PRELIMINARY BURDEN

Plaintiff's Declaration alleges that he and other Chaplain Residents were subject to the following common policies in violation of the FLSA: (1) Defendants required Plaintiff to clock out at the scheduled end of each shift and continue working between 2-5 times per workweek on average; (2) due to the foregoing policy, Plaintiff was never paid wages or overtime for working additional post-shift off-the-clock hours; (3) Valcin openly mandated that Chaplain Residents were required to clock out at the end of their scheduled shift and continue to finish their work off the clock without compensation; (4) Defendants manually altered Plaintiff's time records so as to reflect a clock-out time corresponding to the scheduled shift conclusion such that his time records underreported the actual hours works, leading to a reduction in compensation; and (5) Defendants deducted 30 minutes from Plaintiff's compensable time each day for a purported lunch break, despite Plaintiff being required to remain on call and perform work duties during that time, such that Plaintiff was deprived of regular and overtime pay.

Plaintiff contends that all Chaplain Residents and Supervisors-In-Training were subject to the foregoing policies based on "his observations and conversations with other Chaplain Residents." As discussed below, Plaintiff sole supporting declaration is completely insufficient to demonstrate that the projected opt-in plaintiffs were similarly situated and subject to a common policy or practice.

### A.    Plaintiff's Declaration Is Insufficient to Demonstrate a Common Policy

Although Plaintiff alleges a "policy" requiring employees to clock out and continue working off-the-clock, he provides no factual information —such as alleged comments from other employees — demonstrating a widespread practice. His subjective beliefs and alleged hearsay do not satisfy the modest factual showing required for conditional certification. Indeed, Plaintiff's

Declaration is rife with conclusory allegations about the treatment of Chaplain Residents and Supervisors-In-Training that fail to present any specific evidence of a common policy of wage-and-hour violations. Plaintiff relies solely on his observations and his unspecified conversations with other Chaplain Residents to illustrate a common practice. Further, he only names other *Chaplain Residents* that he allegedly conversed with about Defendants' purported practices. However, as alleged in the FAC, Plaintiff acknowledges that there are two separate positions, "Chaplain Residents" and "Supervisors-in-Training. (FAC ¶ 60). Here, there is no evidence that any Chaplain Residents or Supervisors-In-Training performed the same work under the same conditions. Variations in job duties, schedules, and compensation undermine any notion of a common policy with regard to Supervisors-In-Training, who are likely exempt individuals and not subject to the overtime requirements under the FLSA.

Moreover, although he names a number of Chaplain Residents that he conversed with, he provides no details about the conversations he had with these residents, such as where and when the conversations occurred or the specific content of same. Plaintiff also does not indicate what he "observed" that made him believe that all the Chaplain Residents were subject to the same common policy of being mandated to clock out at the end of the shift and continue to work. Plaintiff failed to identify even one other Chaplain Resident who worked over 40 hours in a workweek or was otherwise similarly situated. Nor does Plaintiff allege that he viewed any paystub or pay record of any other Chaplain Resident or Supervisor-In-Training.

It is well-settled that "the plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those potential opt-in members; rather he must supply additional detail regarding the particular conversations or observations substantiating that belief. *Joshi v. Flagship S B Amsterdam NY, LLC*, 2018 U.S. Dist. LEXIS 33759, *6 (S.D.N.Y.

Mar. 1, 2018); *Benavides v. Serentiy Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016) ("When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees."); *Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550, at *11 (S.D.N.Y. June 1, 2015) (noting that details as to observations and conversations with other employees "are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function"); *Cruz v. 70-30 Austin St. Bakery, Inc.*, 2019 U.S. Dist. LEXIS 73666, at *14 (S.D.N.Y. May 1, 2019) (denying collective certification where the motion was based on a single affidavit that stated generally that plaintiff spoke with other employees but "d[id] not describe where or when these discussions took place, what the other employees were paid, what specific hours they worked or any other underlying details and offer[ed] only the conclusory assertion that the other employees were not paid overtime").

In *Jian Guo Yang v. Zhou's Ymmy Rest., Inc.*, 2020 U.S. Dist. LEXIS 93559, at *6 (E.D.N.Y. Apr. 28, 2020), the court held that Plaintiff's submission of a single affidavit was insufficient in meeting the modest factual showing necessary to demonstrate that he and the other employees were victims of a common policy or plan that violated the law. The court stated:

> Yang's single affidavit is filled with conclusory allegations that generally state he became familiar with a number of employees and their monthly salaries by "chatting" with them. . . . Despite "chatting" with these employees, and working with them for years, he does not know the first names of six of the nine employees he spoke with; for one he provides only the title of his position. . . . No information is provided as to when or where these conversations took place during Yang's many years of employment.

*Id.* at *6-7. Accordingly, because "the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope

of the proposed [collective] . . . and notice process," certification was not possible. *Id.* at *7

(quoting *Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980, at *2 (S.D.N.Y. Jan. 27,

2014)).

Similarly, in *Joshi v. Flagship S B Amsterdam NY, LLC*, *supra*, the court denied

certification for the exact reasons Defendants here argue that Plaintiff's motion should be denied.

The court in *Joshi* provided in its decision:

> [Plaintiff] vaguely describes conversations with other waitstaff about their
> "work and pay," and concludes based on his "experience" and these
> conversations" that other employees were not paid an overtime premium.
> [Plaintiff's] declaration fails to provide "*any* detail as to a *single* such
> observations or conversation." . . . . His declaration does not describe specific
> instances when he observed other employees working more than 40 hours
> without proper compensation, nor does it describe what the other employees
> told [Plaintiff] about their work schedules and compensation. Instead,
> [Plaintiff] merely asserts in generalized terms that he observed other
> employees at work and had several conversations with other employees about
> their compensation.

2018 U.S. Dist. LEXIS 33759, at *10 (denying conditional certification based on the complaint

and plaintiff's declaration alone) (emphasis in original); *see also Mata*, 2015 U.S. Dist. LEXIS

70550, at *3-4 (denying conditional certification where plaintiff offered only his own affidavit in

which he claims, based on unspecified "observations and conversations," that other employees of

defendant "were not paid their overtime . . . wages and were forced to sign fraudulent documents");

*Junjiang Ji v. Jling, Inc.*, 2016 U.S. Dist. LEXIS 66013, at *16 (E.D.N.Y. May 19, 2016)

("[B]ecause Plaintiff fails to provide any details regarding the observations and conversations that

form the basis of his conclusion, his affidavit contains 'precisely the kind of unsupported assertions

and conclusory allegations that courts in this District have found to be insufficient to conditionally

certify a class under § 216(b).'").  Plaintiff's Declaration is thus insufficient to meet even the

modest factual showing required for conditional certification.

Aside from relying on these purported conversations with and observations of other Chaplain Residents to establish a common practice, Plaintiff also relies on an alleged statement by Director Valcin that employees must clock out at shift's end and continue working. However, an isolated statement or purported directive does not constitute sufficient evidence of a company-wide policy applied uniformly to all similarly situated employees. Indeed, there are *no* allegations providing that Director Valcin's purported statements were indicative of EHS or the Hospital's policies. *Cf. Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012) (statements by plaintiff's supervisor that company did not pay overtime premiums at any of its sites constituted "corroborating evidence of a company-wide policy"); *Francis v. A & E Stores, Inc.*, 2008 U.S. Dist. LEXIS 83369, at *3 (S.D.N.Y. Oct. 15, 2008) (conditionally certifying class where the plaintiff attested that manager told her that "the overtime rule was company policy"); *LeGrant v. Educ. Mgmt Corp.*, 2004 U.S. Dist. LEXIS 17696, at *2 (S.D.N.Y. Sept. 2, 2004) (plaintiffs' attestations that they were told by management that wage-and-hour policies applied at defendants' schools across the country was sufficient evidence to satisfy plaintiffs' burden); *Harrington v. Educ. Mgmt Corp.*, 2002 U.S. Dist. LEXIS 8823, at *2 (S.D.N.Y. May 17, 2002) (plaintiff satisfied burden to obtain conditional certification where he attested that "his supervisors informed him that it was defendants' policy not to pay assistant directors overtime compensation").  Indeed, Plaintiff signed the Residency Agreement in which he agreed to comply with all Federal and State laws and regulations, including wage and hour laws which prohibit him from working off the clock.

Finally, Plaintiff's own payroll records reflect consistent payment for hours worked, undermining his claim that he was regularly required to work unpaid overtime. The mere fact that Plaintiff was sometimes paid exactly 75 hours biweekly (37.5 hours/week) does not establish that he worked overtime hours for which he was not compensated, or that all employees were similarly

restricted or that any policy was unlawful, especially where the alleged overtime is merely speculative. Rather, as Plaintiff was compensated pursuant to a stipend, and he was scheduled to work 8-hour shifts, it is reasonable that the hours on the paystub reflect the hours for which he was regularly scheduled to work and in fact did work.  However, where Plaintiff worked more than 40 hours per week, it was properly reflected on his wage statements.

Even assuming that the Court finds that Chaplain Residents are similarly situated, which they are not, it is clear that Plaintiff has not established that Supervisors-In-Training are similarly situated. "In the event a plaintiff's factual allegations are sufficient with respect to only a subset of employees within their proposed collective, '[c]ourts performing the collective action certification inquiry have discretion to certify a different group of individuals than that sought by the plaintiff.'" *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 U.S. Dist. LEXIS 154246, at *7 (S.D.N.Y. Sept. 9, 2019) (quoting *Guan Ming Lin v. Benihana National Corp.*, 275 F.R.D. 165, 172 (S.D.N.Y. 2011) and citing, *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, 2019 U.S. Dist. 22745, at *7-8 (S.D.N.Y. Feb. 5, 2019) (granting conditional certification but narrowing the job categories included in the collective)); *She Jian Guo v. Tommy's Sushi Inc.*, 2014 U.S. Dist. LEXIS 147981, at *4 (S.D.N.Y. Oct. 16, 2014) (same)). Accordingly, Supervisors-In-Training are not similarly situated and Plaintiff has not provided sufficient detail or information about their responsibilities or similar duties. As such, they should not be included in any purported collective class.  For these same reasons, Plaintiff's Declaration is clearly insufficient to meet even the low bar for conditional certification at this stage.

**B. Affidavits from Chaplain Residents Named in Plaintiff's Declaration Undercuts Any Notion of "Similarly Situated" Employees or "Common Policy"**

As Plaintiff's FLSA claim hinges upon whether the alleged overtime worked resulted in

wages less than that required by the FLSA, it would be imperative for him to show that these other similarly situated employees were also subject to these improper practices, and, by comparison, what their wage rate was such that it can be determined whether those alleged deductions resulted in an FLSA violation. See *Lijun Geng,* 2019 U.S. Dist. LEXIS 154246, at *13 ("To justify conditional certification of a collective that includes additional employees, Plaintiffs are required to make 'a modest but job-specific factual showing,'" including information concerning these other employees' wages") (quoting *Yap v. Mooncake Foods, Inc.*, 146 F.Supp.3d 552, 565 (S.D.N.Y. 2015)). As relevant to this case, that job-specific factual showing would require, among other things, workload, schedules and other information regarding the other employees' time worked and responsibilities.

Plaintiff was required to offer at least some "probative information regarding similarly situated employees, such as their names, their duties and their hours worked." *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 U.S. Dist. LEXIS 53625, at *12 (S.D.N.Y. March 26, 2018) (declining to certify a class beyond delivery workers due to insufficient allegations); *see also Joshi*, 2018 U.S. Dist. LEXIS 33759, at *9-10 (finding vague descriptions regarding other employees insufficient to meet factual burden); *Zeledon v. Dimi Gyro LLC*, 2016 U.S. Dist. LEXIS 150526, at *35-38 (S.D.N.Y. Oct. 13, 2016) (conditionally certifying a class of salaried deliverymen who worked at a single location based on the plaintiff's affidavit, but denying certification as to other categories of employees); *Qing Gu v. T.C. Chikurin, Inc.*, 2014 U.S. Dist. LEXIS 53813, at *10 (E.D.N.Y. Apr. 17, 2014) ("Plaintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation. . . . Plaintiffs have not provided a factual basis for the court to consider whether the employees plaintiffs refer to are similarly situated to them."); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F.Supp.2d 439, 448–51

14

(S.D.N.Y. 2013) (conditionally certifying a class of kitchen workers at one restaurant location based upon the declarations of two workers but declining to certify a class that included non-kitchen staff).

Plaintiff alleges in his Declaration that he had discussed Defendants' policies with, *inter alia*, Timothy Taylor, Melvin Ried and Ruth Mathew.  Each of these individuals have submitted affidavits in support of Defendants' Opposition to Plaintiff's motion which state, in pertinent part: (1) upon acceptance into the CPE Program, each affiant received a contract which stated the term of the CPE Program, and the compensation, which was a stipend for a certain amount; (2) if the affiant worked additional time outside his or her scheduled shift, that time was fully compensated, and accordingly no overtime wages were unpaid; (3) Chaplain Residents in the CPE Program were required to clock in and out for each shift; (4) the affiant was not required to continue working once he or she clocked out for the day; (5) the affiant was provided a thirty-minute meal break every day that he or she was able to take during his or her shift; (6) if the affiant was unable to take the meal break on a given day, he or she could notify the program administrator and request that the time be compensated; (7) the affiant's paystub was an accurate reflection of the time worked; and (8) if there was an issue with the affiant's compensation, he or she would have been able to address that issue with someone at the Hospital.  (*See* Taylor Aff., Ried Aff., Mathew Aff.).

Each of these statements, attested to by former Chaplain Residents who Plaintiff alleged were subject to the same common policy that he set forth in his pleadings, completely contradict the statements made in Plaintiff's Declaration. Accordingly, Plaintiff cannot establish that these individuals are similarly situated or subject to a common unlawful policy or scheme. Moreover, it sheds doubt on whether *any* similarly situated individuals exist at all.  Accordingly, it is clear that Plaintiff has not even alleged, much less established, sufficient information which would show

that employees who worked in other positions were subject to the same purported unlawful practice or policy under the FLSA.

**C.  Plaintiff's Paystubs Are Also Insufficient to Establish a Common Policy**

In light of the insufficiency of Plaintiff's Declaration, combined with statements made in the affidavits of Timothy Taylor, Melvin Ried and Ruth Mathew, it is clear that Plaintiff's paystubs, submitted as an exhibit with his motion, have no probative value. Plaintiff alleges that Defendants manipulated his time records such that he was consistently paid for 75 hours for each pay period, regardless of the number of hours he worked.  To prove this practice, Plaintiff's counsel attached paystubs as Exhibit B to his declaration. First, the paystubs were not authenticated by Plaintiff as true and accurate and should be disregarded. *Carroll v. Leboeuf, Lamb, Greene & MacRae, L.L.P.*, 614 F. Supp. 2d 481, 482-83 (affidavit of plaintiffs' counsel was deemed insufficient to authenticate documents under Fed. R. Evid. 901(a) because the affidavit did not demonstrate that the exhibits were reasonably likely to be what they purported to be).

Notwithstanding, a review of his paystubs demonstrates that Plaintiff's allegation of a common practice of manipulating time records is demonstrably false. The first page of Plaintiff's Exhibit B indicates that he worked 74.50 hours for the period beginning July 17, 2022 and ending July 30, 2022. Similarly, page 12 of Plaintiff's Exhibit B indicates that he was paid 65.25 hours for the period beginning May 7, 2023 and ending May 20, 2023. While there are some paystubs which show Plaintiff worked 75 hours for that given pay period, those paystubs, alone, do not indicate that Defendants manipulated Plaintiff's time records, especially where not *every* pay period reflects working time of 75 hours. More importantly, Plaintiff's paystubs fail to demonstrate a common policy that other Chaplain Residents were subjected to. There is absolutely no nexus between Plaintiff's paystubs and the inference that the time records of other Chaplain Residents

16

were altered or manipulated in any way.  Plaintiff's motion should be denied in its entirety.

## IV.    PLAINTIFF'S PROPOSED NOTICE AND PROCEDURES ARE DEFECTIVE

Even if the Court were to grant Plaintiff's Motion, the Court should deny Plaintiff's proposed notice and consent form as defective. First, the notice is overbroad in that it includes Supervisors-In-Training.  As discussed above, Plaintiff was never a Supervisor-In-Training, and there is no credible factual allegation concerning collective pay practice violations concerning Supervisors-In-Training.

In addition, notice must be "accurate" to allow "informed decisions about whether to participate." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Plaintiff's proposed notice fails to meet this standard for many reasons.

Plaintiff's proposed notice fails to sufficiently advise putative opt-in plaintiffs that they may have to participate in discovery, including depositions, with the potential to be liable for litigation costs, if they join the lawsuit. Courts consistently modify notices that fail in this respect. *See, e.g.*, *Bah v. Shoe Mania, Inc.*, No. 08CIV.9380LTSAJP, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (modifying notice to state that "if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial and/or (4) pay litigation costs").

Plaintiff's proposed notice does not properly explain that opt-ins may have to incur costs. Courts also often modify notices that fail in this respect. *See, e.g.*, *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107, 110 (S.D.N.Y. 2003). Plaintiff's consent to join lawsuit form is deficient for the same reason. Furthermore, the proposed notice should identify both Defendants' attorneys and Plaintiff's attorneys. *See Jibowu v. Target Corp.*, 2020 U.S. Dist. LEXIS 236887, at *4 (E.D.N.Y. Dec. 16, 2020) ("Courts in this Circuit have generally concluded that [defense counsel's contact] information is appropriate for inclusion in a notice of collective

action.") (collecting cases) (citations omitted); *Gjurovich*, 282 F. Supp. 2d at 108.

Plaintiff's counsel should be required to provide precise information regarding their attorneys' fees or contingency fees. Specifically, Plaintiffs' counsel should be required to disclose the fee arrangement between any prospective Plaintiffs, as well as the percentage of any recovery that would be paid as attorney fees from any recovery by opt-in plaintiffs. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) (court holding that final notice must include statement regarding the fee arrangement agreed to by named plaintiff and his attorneys, because such arrangement could have an impact on any recovery by opt-in plaintiffs). The language, as set forth by Plaintiff's counsel, is vague on this issue and does not provide potential opt-ins with sufficient information regarding the attorney-client relationship they may be engaging in.

Should the Court find that notice is appropriate in this case, it should also be limited in time to those employees who worked within two years of the Court's determination of this motion. Defendants assert that the two-year limitations period applicable to FLSA cases, 29 U.S.C. § 255, should be utilized to determine whether Plaintiff has satisfied his obligation to show that he and other employees were subject to a common policy or plan to violate the FLSA, rather than the exceptional three-year limitations period. Plaintiff has not adequately pled nor put forth any evidence demonstrating that Defendants willfully violated FLSA to be subject to the three-year statute of limitations for a willful violation under 29 U.S.C. § 255(a). In this case, Plaintiff fails to allege any facts in his Declaration suggesting that Defendants engaged in a willful violation of the FLSA.  In Plaintiff's FAC, Plaintiff merely states in a conclusory manner that Defendants "willfully" violated the FLSA without any factual support. (FAC ¶¶ 192, 214, 216, 217, 220-223). Since these allegations are insufficient "to allege willfulness plausibly," if the Court grants

conditional certification, the look-back period should be limited to two years. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021).

Moreover, it is respectfully submitted that the two-year timeframe should be calculated from the date the Court decides this motion; not from the date this action was commenced. "[U]nder the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed." *Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 61634, at *8 (E.D.N.Y. Apr. 30, 2013); *see, e.g.*, *Williams v. TSU Global Servs.*, 2018 U.S. Dist. LEXIS 198813, at *30 (E.D.N.Y. Nov. 20, 2018) (calculating look back period from the date of the order granting conditional certification.); *Coons v. Family Counseling Ctr. of Fulton Cty.*, 2018 U.S. Dist. LEXIS 143380, at *7 (N.D.N.Y. Aug. 23, 2018) (same); *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, at *7 (E.D.N.Y. Feb. 10, 2012) (same); *Anglada v. Linens 'n Things, Inc.*, 2007 U.S. LEXIS 39105, at *26 (S.D.N.Y. Apr. 26, 2007) (report and recommendation calculating the lookback period from the date of the issuance of the proposed FLSA collective action notice).

In light of these defects and others, in the event conditional certification is granted, the Court should order the parties to confer regarding these issues to propose a revised notice, and submit, if any, disputes to the Court. *See, e.g.*, *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 129 (E.D.N.Y. 2020) (30 days to meet-and-confer regarding notice); *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016).

## V.    PLAINTIFF'S REQUEST FOR NAMES AND CONTACT INFORMATION SHOULD BE DENIED

Finally, Plaintiff's blanket request that the Court order Defendants to produce a list of all potential opt-in members upon conditional certification should be denied.  As discussed above, Plaintiff has not made an adequate showing that there are other Chaplain Residents that are

similarly situated to Plaintiff. Nor has Plaintiff made any showing that Supervisors-In-Training – a completely different position at the Hospital – was subjected to the same pay practices and alleged FLSA violations.  The request is also overbroad as to the applicable time period.  Thus, as the scope of Plaintiff's request is entirely overbroad, it should be denied.  Indeed, courts routinely require plaintiffs to first make a sufficient factual showing before compelling disclosure to prevent unwarranted fishing expeditions. Accordingly, Plaintiff's request for discovery of potential opt-in members, as stated, is overbroad and should be denied.

## CONCLUSION

For the foregoing reasons, the Court should issue an order denying Plaintiff's motion in its entirety, together with such other relief as the Court deems necessary.

Dated:  June 27, 2025                          BOND, SCHOENECK & KING, PLLC

By: ___/s/ Rebecca K. Kimura_____
        Rebecca K. Kimura, Esq.
        Mary Ellen Donnelly, Esq.
        Sabrina Salama, Esq.
        *Attorneys for Attorneys for Defendants*
        600 Third Avenue, 22nd Floor
        New York, New York 10016
         (646) 253-2300
        rkimura@bsk.com
        mdonnelly@bsk.com
        ssalama@bsk.com

## <u>CERTIFICATION</u>

The undersigned, an attorney duly admitted to the bar of this Court, hereby certifies under the penalty of perjury that the foregoing Memorandum of Law contains 6,181 words (excluding the Cover Page, Table of Contents, and Table of Authorities), and complies with Rule 7.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

_____*/s/ RKK*_____
Rebecca K. Kimura, Esq.