**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RUSSELL DAVENPORT, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class*,

             Plaintiff,

      - against -

EPISCOPAL HEALTH SERVICES, INC,
ST. JOHNS EPISCOPAL HOSPITAL,
and ASNEL VALCIN

             Defendants.

Case No.: 2:24-cv-8821 (RPK) (CHK)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

---

**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
205 East Main Street, Suite 3-2
Huntington, NY 11743
Tel.: (914) 552-2669
tim@talegalgroup.com

Plaintiff, Russell Davenport ("Plaintiff"), through his undersigned counsel of record, TA

Legal Group PLLC, respectfully submits this Reply Memorandum of Law in Further Support of

Plaintiff's Motion for Conditional Collective Certification (the "Motion").

## PRELIMINARY STATEMENT

In Opposition to the Motion (the "Opposition"), Defendants Episcopal Health Services,

Inc. ("EHS"), St. John's Episcopal Hospital South Shore ("St. John's"), and Asnel Valcin

("Valcin") (collectively, "Defendants") engage in legal pretense and factual prevarication, yet

present no legitimate basis to deny the Motion. Plaintiff's Declaration substantiates his position

that he and Covered Employees[1] suffered common FLSA violations warranting certification. The

Opposition relies on inapposite case law that is easily distinguished below. Defendants also hang

their hats on legally irrelevant and inadmissible sideshows, including a purported contractual

"stipend" and some boilerplate affidavits of co-workers that Defendants appear to have obtained

through fraudulent or coercive means. Even if these dubious distractions were properly considered

for purposes on this Motion (they are not), they actually undermine Plaintiff's Opposition and

further confirm the existence of a common overtime violation similarly affecting Plaintiff and

Covered Employees. For the reasons discussed in the Motion papers and hereinbelow, Plaintiff

requests that the Court grant the Motion.

## ARGUMENT

Second Circuit precedent on conditional certification sets a "low standard of proof because

the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in

fact exist." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (emphasis added). At this stage,

---

[1] Defined in the Motion and herein as "***All Chaplain Residents and Supervisors-In-Training
employed by Defendants at St. John's Episcopal Hospital South Shore on or after December 26,
2021.***"

the question presented is whether there "**may be** other similarly situated workers." *Li v. 6688 Corp.*, No. 12 Civ. 6401, 2013 U.S. Dist. LEXIS 148020, at \*4 (S.D.N.Y. Sept. 27, 2013) (emphasis in original). Plaintiff's "minimal" burden at bar is to show "sufficient ***indicia of the possibility*** of a common policy or plan." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660, at \*3 n.1 (S.D.N.Y. June 1, 2012) (emphasis added). Plaintiff's Declaration demonstrates that he and similarly situated Covered Employees were subject to commonly-applicable unlawful policies resulting in a common deprivation of overtime pay, as set forth below:

- Plaintiff and Covered Employees were paid on an hourly basis and regularly worked in excess of 40 hours per week.
- Defendants regularly required Plaintiff and Covered Employees to clock out at the scheduled end of shift but continue working off-the-clock without compensation. Devenport Decl. ¶¶ 7-11. Defendant Valcin admonished that Plaintiff and Covered Employees perform such unpaid off-the-clock work **"If you can't finish your work in your shift, you have to clock out and then finish your work**." Davenport Decl. ¶¶ 15-17.
- Plaintiff and Covered Employees additionally were subject to commonly-applicable unlawful practice of deducting time for a lunch break and denying free and clear breaks. Davenport Decl. ¶¶ 22-25.

Plaintiff's robust and specific declaration clearly satisfies the standard for conditional collective certification. Defendants' counterarguments are entirely lacking in merit.

## I.    PLAINTIFF IDENTIFIES A FLSA OVERTIME VIOLATION

Defendants first claim that Plaintiff is not entitled to conditional collective certification based on Plaintiff's purported failure to "identify" a FLSA violation in his First Amended Complaint ("FAC"). Preliminarily, this argument fails because Plaintiff is "not required to show an actual FLSA violation at this stage, but rather only that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 96 (E.D.N.Y. 2025). The ultimate viability of Plaintiff's FLSA claim is not

the relevant question here, nor appropriate for the Court to consider here. *See Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated.")

This argument is also meritless because the FAC clearly does "identify" an overtime violation under the FLSA. Plaintiff alleges that he was paid a "straight time base hourly rate of" $20.82, FAC ¶ 64, and that worked approximately 41-45 hours per week, FAC ¶ 65. Because Plaintiff's "straight time base hourly rate" was $20.82, it follows that overtime should have been paid to Plaintiff at, $31.23, 1.5x the straight time rate, for those hours worked in excess of 40..Plaintiff alleges that he was required to clock out at the scheduled shift end work off-the-clock 2-5 times per week, sometimes "for an hour or more", and that he was not paid at all for this time. FAC ¶ 70. Plaintiff further alleges that Defendants deducted 30 minutes from his compensation for a purported lunch break every day even though he was regularly required to work through lunch. FAC ¶¶ 76-77. This is a viable FLSA overtime claim – the FAC alleges "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours….Nothing more is required." *Herrera v. Comme Des Garcons, Ltd*., 84 F.4th 110, 115 (2d Cir. 2023).

Defendants' disingenuous assertion that FLSA minimum wage violations are not plead is irrelevant because Plaintiff is not asserting a FLSA minimum wage claim, individually or for a collective action. The "Residency Agreement" proffered by Defendants does not speak to overtime (the stipend is further confirmation that overtime was not paid, *see* Alamgir Reply Decl.), and does not change the fact that Defendants are required to pay overtime under the FLSA. *See Zubair v. Entech Eng'g P.C*., 715 F. Supp. 2d 541, 541 (S.D.N.Y. 2010) ("As a general rule, the FLSA overtime provisions are applicable "even though there may be a custom, contract, or agreement not to pay for the time so spent."

## II.    PLAINTIFF'S DECLARATION IS ADEQUATE TO SUPPORT AN INFERENCE OF A COMMON UNLAWFUL POLICY OR PRACTICE

Contrary to Defendants, Plaintiff's declaration, by itself, is sufficient to warrant the collective certification sought. Courts regularly grant collective actions across numerous locations on the basis of a single plaintiff's affidavit. *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601, 2016 U.S. Dist. LEXIS 153531, at *20 (S.D.N.Y. Nov. 3, 2016) (granting certification for more than 60 locations in New York where single plaintiff worked and experienced time-shaving, noting that "courts in this district 'routinely certif[y] conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer practices.'"); *Wang v. H.B. Rest. Grp., Inc.*, No. 14 Civ. 813, 2014 U.S. Dist. LEXIS 144017, at *8 (S.D.N.Y. Oct. 7, 2014) (collecting cases, and certifying collective based on single plaintiff's personal knowledge from "his observations and his conversations with his coworkers"); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2012)  (such approach "is consistent with the purpose of conditional certification which is only a preliminary determination [as to the authorization of notice to class] [and] the Defendant will have another opportunity to object to class certification after discovery.")

Defendant argues that Plaintiff's pleadings, declaration and exhibits are insufficient to support conditional certification because they are "conclusory" and "unsubstantiated." "Such an argument, however, misperceives the conditional certification decision, which is necessarily based on unproven allegations." *See Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *16. *See Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317, 321-22 (S.D.N.Y. 2007) ("[I]nitial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations")

4

Plaintiff clearly makes the "modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Schaefer v. M&T Bank Corp.*, 122 F. Supp. 3d 189, 193 (S.D.N.Y. 2015) (internal citations and quotations marks omitted).

The cases that Defendants cite to the contrary are easily distinguished. In *Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015), conditional certification was denied as the plaintiff failed to demonstrate personal knowledge of a "common scheme or plan of wage and hour violations for employees engaged in different job functions." 2015 U.S. Dist. LEXIS 70550, at *9. By contrast, Plaintiff only seeks to represent Chaplains and Supervisors-in-Training at a single location.

The identification of common policies and violations applicable to identified co-workers in Plaintiff's declaration distinguishes this case from *Joshi v. Flagship S B Amsterdam NY, LLC*, No. 17-CV-5785 (ALC)(SN), 2018 U.S. Dist. LEXIS 33759, at *8 (S.D.N.Y. Mar. 1, 2018), *Cruz v. 70-30 Austin St. Bakery, Inc.*, 2019 U.S. Dist. LEXIS 73666, at *14 (S.D.N.Y. May 1, 2019), and *Jian Guo Yang v. Zhou's Ymmy Rest., Inc.*, 2020 U.S. Dist. LEXIS 93559, at *6 (E.D.N.Y. Apr. 28, 2020). In these cases, conditional certification was denied because the plaintiffs in those cases failed to provide specific details of conversations with co-workers confirming the existence of a common violation. Those cases are inapposite, and Defendants' characterization of Plaintiff's declaration false. Contrary to Defendants, there is no requirement that Plaintiff share recollections of comparing paystubs with members of his proposed collective action to be granted certification. The declaration provides ample details and specific examples of just how the break policy and off-the-clock work requirements commonly-applicable to the discrete group of employees within the proposed collective were systematically denied pay that they earned – for example:

5

- Davenport Decl. ¶ 13 – "We would discuss having to perform this unpaid post shift work in the hospital hallways and in the offices we worked out of, and when "charting.".
- Davenport Decl. ¶ 14 – Ruth Mathew and Keith [LNU] frequently mentioned to me that they were required to perform counseling duties after clocking out at the end of their shifts.
- Davenport Decl. ¶ 20 - Timothy Taylor confirmed to me that, like me, his time was manually altered to reflect a clock-out time corresponding to the scheduled shift conclusion.
- Davenport Decl. ¶ 23 - During my employment, I observed Timothy Taylor, Ruth Mathew, Keith [LNU], Kevin Bedard, Rickie Parks, and Melvin Reed having to work through their shifts without receiving a proper break, even though a 30 minute break was deducted from our pay.
- Davenport Decl. ¶ 24 - Timothy Taylor and I would frequently complain to one another about being required to work continuously through our shifts when necessary, despite the deduction from our pay for a break.

Defendants also undermine their own opposition by relying on cases that confirm that certification as requested by Plaintiff is warranted. In this regard, *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 483 (S.D.N.Y. 2016), which granted a broad collective action under similar circumstances. Notably, the collective action in *Benavides* covered multiple positions. As Benavides noted, "the fact that the employees held different positions does not prevent conditional collective action certification because courts in this Circuit "routinely find employees similarly situated despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice."…" *Benavides.*, 166 F. Supp. 3d at 483 (S.D.N.Y. 2016). "[I]t is unnecessary at this stage to show that putative class members must share identical positions." *Nelson v. Sabre Cos., LLC*, No. 1:15-cv-00314 (BKS/TWD), 2016 U.S. Dist. LEXIS 195829, at *21 (N.D.N.Y. Sep. 30, 2016) (granting national collective certification "regardless of… location or rank.); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 282 (S.D.N.Y. 2019) ("the differences between plaintiffs' job titles do not weigh against conditional certification.")*;* Defendants position that the collective be

6

limited to Chaplain Residents is without merit – particularly as Chaplain Residents become Supervisors-in-Training in the normal course of things.

Moreover, Courts in this District have found such statements by managers or supervisors to be probative evidence of a company-wide policy. *See Morris*, 896 F. Supp. 2d at 271 (statements by plaintiff's supervisor that company did not pay overtime premiums at any of its sites constituted "corroborating evidence of a company-wide policy"); *Hart v. Crab Addison, Inc.*, No. 13 Civ. 6458 (CJS), 2015 U.S. Dist. LEXIS 9197, 2015 WL 365785, at *3 (W.D.N.Y. Jan. 27, 2015) (attestation by affiants that supervisors told them job requirements reflected defendants' corporate policies "suggests the existence of other similarly-situated employees at [d]efendants' other locations"). Defendants' contrary position is without merit (as shown by the multiple cases they cite in which manager statements were recognized as grounds for conditional collective certification.

### III.    THE COURT SHOULD NOT CONSIDER THE STATEMENTS PROVIDED BY DEFENDANTS

Courts in this Circuit have repeatedly recognized that statements gathered by an employer from its current employees are of "limited evidentiary value in the FLSA context because of the potential for coercion." *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013). This risk is particularly acute where, as here, Defendants not only employ (or recently employed) the declarants but also control their professional certifications, creating a significant power imbalance and the potential for coercion. *See Gortat v. Capala Bros.*, No. 07-CV-3629(ILG)(SMG), 2009 U.S. Dist. LEXIS 101837, at *36 (E.D.N.Y. Oct. 16, 2009) (noting that "where putative class members are involved in an ongoing business relationship with defendants, and those members are dependent on defendants for employment, the potential for coercion suggests that limitations may be warranted").

7

The declarations at issue appear to have been procured through ex parte, one-sided communications, with no indication that the declarants were informed of the nature or purpose of the lawsuit, or that they were collective action members. Such unsupervised, unilateral communications with putative collective members are fraught with the risk of prejudice and impropriety, and can undermine the FLSA's goal of informed consent. *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014) ("pre-certification, ex parte communication with putative FLSA collective members about the case has an inherent risk of prejudice and opportunities for impropriety"). Moreover, "[b]ecause FLSA plaintiffs must opt-in, unsupervised, unilateral communications with those potential plaintiffs can sabotage the goal of the FLSA's informed consent requirement by planting the slightest seed of doubt or worry through the one-sided, unrebutted presentation of 'facts.'" Agerbrink v. Model Serv. LLC, 2015 U.S. Dist. LEXIS 145563, at *8-9 (S.D.N.Y. Oct. 27, 2015).

The declarations themselves are largely boilerplate, lacking detail or specifics, and in some cases are internally inconsistent. For example, the Reid declaration both denies and admits to interrupted lunch breaks, and fails to identify the "Program Administrator" allegedly responsible for compensation. The Taylor declaration omits any statement that he was actually paid properly for lunch, and the Mathew declaration is similarly devoid of persuasive value. Such generic and contradictory statements, procured under circumstances rife with potential coercion, should be afforded little to no weight at this stage. *See Benavides v. Serenity Spa NY Inc.*, No. 15-CV-9189, 2017 U.S. Dist. LEXIS 142137, 2017 WL 3835880, *5 (S.D.N.Y. Sept. 1, 2017) ("declarations submitted by employers of current employees are regularly disregarded in the context of conditional certification of a collective action, both because of the chance for coercion by the employer, but also because the evidentiary burden is relatively low")

8

As noted, at the conditional certification stage, the evidentiary burden is "relatively low," and courts routinely disregard employer-submitted declarations for this reason as well. *Benavides,* 2017 U.S. Dist. LEXIS 142137, 2017 WL 3835880, *5. Defendants may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits. *Lipstein v. 20X Hosp. LLC*, No. 22-CV-4812 (JLR) (JW), 2023 U.S. Dist. LEXIS 13088, at *5 (S.D.N.Y. Jan. 25, 2023).

Plaintiff has not had an opportunity to depose these declarants, and courts in this Circuit regularly conclude that such declarations do not undermine a plaintiff's showing at the first stage of the conditional certification process. *Racey v. Jay-Jay Cabaret, Inc.*, 2016 U.S. Dist. LEXIS 67879, at *13 (S.D.N.Y. May 23, 2016) (noting that "Plaintiffs have not had an opportunity to depose these declarants, and courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process"); *Amador*, 2013 U.S. Dist. LEXIS 19103, at *28.

Further, to consider these declarations at this stage would require the Court to weigh evidence and determine credibility, which is not appropriate until the second stage after discovery. *Gonzalez v. Living Room Rest.*, No. 19-CV-00012 (MKB) (RER), 2019 U.S. Dist. LEXIS 250595, at *6 (E.D.N.Y. Nov. 4, 2019) ("such evidence cannot be used to undermine a plaintiff's initial showing because doing so would require a court to weigh evidence and determine credibility, which is not appropriate until the second stage after discovery"); Stevens v. HMSHost Corp., 2012 U.S. Dist. LEXIS 146150, at *11-12 (E.D.N.Y. Oct. 10, 2012). Defendants may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits. Lipstein, 2023 U.S. Dist. LEXIS 13088, at *5.

District courts have "both the duty and the broad authority" to govern the conduct of counsel and parties in class actions brought under Rule 23 and collective actions brought under the FLSA. Agerbrink, 2015 U.S. Dist. LEXIS 145563, at *6. Courts are required to shield employees like Plaintiff from employers like Defendants that seek to browbeat their employees into relinquishing their rights. *See, e.g., Drew-King v. Deep Distributors of Greater NY, Inc*., 194 F. Supp. 3d 191, 201 (E.D.N.Y. 2016) (issuing cease-and-desist order against defendant that "threatened reprisals" against employees for bringing FLSA lawsuit).

The need for a district court to ensure that all parties act fairly is especially great during the early stages of FLSA litigation. Because formal notice to potential plaintiffs is sent only after conditional certification, "pre-certification, *ex parte* communication with putative FLSA collective members about the case has an inherent risk of prejudice and opportunities for impropriety." *Billingsley*, 560 F. App'x at 921; *Agerbrink*, 2015 U.S. Dist. LEXIS 145563, at *8-9. Communications are coercive when they "overpower[] the free will or business judgment of the potential class members." *Griffin v. Aldi, Inc*., No. 5:16-CV-0354 (LEK/ATB), 2017 U.S. Dist. LEXIS 71840, at *12 (N.D.N.Y. May 11, 2017). The communications resulting in the declaration provided by Defendants were plainly the kind of communication that should be regulated by the Court. Because Defendants have interfered with the judicially-administered collective action process by improperly communicating with collective members to obtain these declarations, they should be disregarded.

Plaintiff respectfully requests that the Court grant the motion and, thereafter, direct the parties to meet and confer regarding disputes over the proper collective action notice and procedure. *See Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003, at *29 (E.D.N.Y. Feb. 16, 2016).

Dated: July 28, 2025
Huntington, New York

Respectfully submitted,

By:  _____

**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq. (TA 9007)
205 East Main Street, Suite-3-2
Huntington, NY 11743
Tel.: (914) 552-2669
tim@talegalgroup.com

11